**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel A. Reyes,<br><br>        Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>        Respondents. | No. CV-18-00201-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Jacqueline M. Rateau's Report and Recommendation (R&R) recommending that the District Court dismiss Petitioner Daniel A. Reyes's Petition for Writ of Habeas Corpus. (Doc. 32.) Reyes filed an Objection and the State filed a Response.[1] (Docs. 35, 36.) After an independent review of the record, the Court will adopt Magistrate Judge Rateau's recommendation and dismiss the petition.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. §

---

[1] The Court will not consider Reyes's Reply. (*See* Doc. 32 at 10; Fed. R. Civ. P. 72(b)).

636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

## DISCUSSION

Petitioner was convicted by jury of multiple counts of aggravated driving under the influence, criminal damage, and fleeing a law enforcement vehicle. On appeal, the state court of appeals upheld his conviction and affirmed the trial court's denial of Petitioner's Fourth Amendment motion to suppress blood evidence.

In post-conviction relief (PCR) proceedings, Petitioner did not pursue his Fourth Amendment claim; instead, he raised an ineffective assistance of counsel claim unrelated to his Fourth Amendment claim. The PCR court denied the PCR petition, and Petitioner did not seek further review with the state court of appeals. Thus, Petitioner's claims were procedurally defaulted.

In his pending petition for habeas relief, Petitioner seeks to resurrect the Fourth Amendment claim through *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the Supreme Court held that, in certain circumstances, ineffective assistance of post-conviction counsel may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial. 566 U.S. at 9. In the pending habeas petition, Petitioner, like *Martinez*, argues that his trial and appellate counsel on direct appeal were ineffective in failing to properly raise a Fourth Amendment challenge to the blood evidence, and that his PCR counsel was ineffective for not asserting that claim during PCR proceedings.[2]

Magistrate Judge Rateau concluded that *Martinez* did not provide cause to excuse the procedural default of Petitioner's claim of ineffective assistance of counsel at trial. For *Martinez* to apply, it must be shown that the underlying ineffective assistance of counsel

---

[2] Petitioner may also be presenting his Fourth Amendment claim in the context of an ineffective assistance of counsel claim because federal habeas review of Fourth Amendment claims is precluded where the state provided an opportunity for full and fair litigation of the claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976).

claim is substantial.  *Trevino v. Thaler*, 569 US. 413, 423 (2013).  A claim is substantial if it has some merit.  *Martinez*, 566 U.S. at 15.  A claim is not substantial if it has no merit, is "wholly without factual support," or counsel's performance was not below constitutional standards.  *Id*.

Magistrate Judge Rateau concluded that Petitioner's claim was not substantial because trial and appellate counsel clearly and effectively presented Petitioner's Fourth Amendment claim at trial and in direct appeal.  Judge Rateau thoroughly analyzed counsel's performance and fully explained her reasoning in the Report.

The Court agrees with Judge Rateau's conclusion, and similarly concludes that trial and appellate counsel provided effective performance that exceeded the requirements of *Strickland*.  As a result, the Court further concludes that *Martinez v. Ryan*, 566 U.S. 1 (2012), does not excuse Petitioner's default of his ineffective assistance of counsel claim.

For the foregoing reasons, **IT IS ORDERED**:

1. The Objection (Doc. 35) is overruled and the Report and Recommendation (Doc. 32) is **ADOPTED**.
2. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED.**
3. A certificate of appealability is **DENIED**.
4. The Clerk of Court shall enter judgment accordingly and close its file in this action.

Dated this 9th day of August, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge